IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL RAY REEVES, #B82558,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1431−SMY |
| | ) | |
| **BOB GRIFFEY,** | ) | |
| **J. KONERMANN,** | ) | |
| **DAMON ACUFF,** | ) | |
| **LARRY GRACE,** | ) | |
| **BECKY RIGGS,** | ) | |
| **SANDY HOWELL,** | ) | |
| **CHAD BROWN,** | ) | |
| **AL BURTON,** | ) | |
| **SUSAN NOLEN, and** | ) | |
| **SANDRA RIEPE,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Reeves, an inmate in Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly were committed by employees of the Massac County, Illinois Sheriff's Department, the Illinois State Police, the Illinois State's Attorney's Office, and the Massac County Court. Specifically, Plaintiff claims the defendants deprived him of certain property and interfered with his criminal trial and appeals in various ways. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

1

damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds that this case is subject to summary dismissal.

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): in December 2000, Plaintiff was sentenced to 14 years in prison with the Nevada Department of Corrections. (Doc. 1, p. 3). In January 2001, Plaintiff signed an Interstate Agreement on Detainers ("IAD") to travel to Massac County, Illinois for another trial. *Id.* In July 2001, Plaintiff was sentenced to 52 years imprisonment after a criminal jury trial in Massac County, Illinois. *Id.* On November 3, 2003, the conviction was reversed and Plaintiff's criminal case was remanded for a new trial. *Id.* Plaintiff was found guilty and sentenced to 52 years in prison after the second trial in Massac County was held in December 2007. *Id.* Plaintiff was returned to the Nevada Department of Corrections thereafter, but was returned to Illinois to serve his 52-year sentence when he was paroled on July 1, 2008.

On April 28, 2008, Defendants Griffey, Acuff, Konermann, and Howell sent two boxes of Plaintiff's property to Northern Nevada Correctional Center in Carson City, Nevada. (Doc. 1, p. 4). One of the boxes, filled with 8 years of Plaintiff's legal papers, was destroyed. *Id.* On

2

August 25, 2008, Acuff and Konermann went to Nevada to return Plaintiff to Illinois, and legal papers in one of Plaintiff's property boxes that was mailed to Illinois were destroyed. *Id.* In September 2008, Plaintiff got received two envelopes in the mail that were marked: "Received in Damaged Condition at L.A. Bulk Mail Center" and "Found Loose in the Mails at Los Angeles B.M.C." Plaintiff believes "this is how Massac has tried to sabotage [his] appeals." *Id.*

Defendants Grace, Nolen, Riggs, and Riepe "withheld transcripts from the record on appeal, did not file papers [Plaintiff] sent to the Court, and destroyed (DNA) evidence." *Id.* A November 5, 2007 pretrial hearing was withheld from the record. *Id.* Grace also withheld Plaintiff's state habeas corpus from the record on appeal, except for one page. *Id.* Riepe, a secretary for the States Attorney, "is not filing papers [Plaintiff] sent to the court or is not sending [Plaintiff] back file stamped copies." (Doc. 1, pp. 4-5). Nolan has changed wording in various transcripts. (Doc. 1, p. 5). Defendant Riggs signed for two manila envelopes Plaintiff sent Massac, in which he requested final disposition under IAD. *Id.* Riggs destroyed the envelope to the Massac court and gave the state's attorney one envelope. *Id.*

On August 4, 2006, all of the defendants told the Illinois Department of Corrections ("IDOC") that Plaintiff was serving his Illinois sentences, which was a lie. *Id.* Plaintiff was paroled from Nevada on July 1, 2008, and Massac returned him to Illinois on August 25, 2008. *Id.* Plaintiff was not in the custody of IDOC until then. *Id.* Defendants Brown and Burton lied about a "knife and withheld evidence from the Massac defense." (Doc. 1, p. 6). Plaintiff's sentence from 00-cf-78 expired on August 29, 2017, and he is now only serving a sentence for 00-cf-91 from Massac County. *Id.*

Plaintiff seeks monetary damages and unnamed injunctive relief. (Doc. 1, p. 7).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants deprived Plaintiff of his legal papers in April, August, and September 2008 in violation of the First and Fourteenth Amendments.
>
> **Count 2 –** Defendants withheld transcripts, records, and evidence, neglected to file documents sent in by Plaintiff, destroyed evidence, and changed the wording in various transcripts during Plaintiff's criminal and/or habeas proceedings and appeals, in violation of the First and Fourteenth Amendments.

As discussed in more detail below, both Counts will be dismissed. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

At the outset, the Court notes that lawsuits brought under § 1983 are governed by the statute of limitations for personal injury in the state where the injury occurred, which in Illinois and Nevada is two years. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Lisle v. McDaniels*, 681 F. App'x 611, 612 (9th Cir. 2017). Given that the alleged deprivations at issue occurred from 2006-2008, it is likely that any civil rights claims Plaintiff is asserting herein are time barred.

Even assuming this action is timely, Plaintiff's claims fail. Both Counts involve conduct alleged to have impeded Plaintiff's access to the courts or otherwise deprived him of fair proceedings during his criminal trial and/or appeal. "The Constitution protects a prisoner's right of access to the courts; state actors must respect that right by not impeding prisoners' efforts to pursue legal claims." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). "That right is violated when a prisoner is deprived of such access and suffers actual injury as a result." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Although fact pleading is unnecessary, in

order to state a colorable claim, a prisoner's Complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Pratt v. Tarr*, 464 F.3d 730, 731-32 (7th Cir. 2006). In other words, "a prisoner must show actual substantial prejudice to specific litigation." *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995).

In this case, Plaintiff does not explain how the taking of his legal papers and withholding of transcripts, records, and evidence caused him actual injury. While he claims the destruction of papers was an attempt to sabotage his appeal, he alleges no facts which suggest the attempt was successful in any way. He also alleges that transcripts were changed and withheld, but not that this prejudiced him in any specific proceedings. For these reasons, Plaintiff's Complaint fails to state an access to courts claims for which relief may be granted.

Assuming Plaintiff intended to allege that these deprivations prejudiced him, and his conviction would have been invalidated had they not occurred, his claims would still likely fail under the principles outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994) (to recover damages under § 1983 for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been invalidated). Based on *Heck*, before Plaintiff can bring a § 1983 claim for denials of his constitutional rights that would imply the invalidity of his conviction, such as a due process claim for the destruction and withholding of evidence relevant to his criminal case, his conviction must be invalidated.

Finally, to the extent Plaintiff seeks to bring a due process claim against the defendants for depriving him of his legal papers, there is no loss of property without due process of law if

5

the state provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."). The Seventh Circuit Court of Appeals has specifically held that an IDOC inmate has an adequate post-deprivation remedy for the confiscation of non-contraband property, in the form of an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8). The Ninth Circuit Court of Appeals has similarly held that Nevada law provides an adequate post-deprivation remedy. *Strohmeyer v. Belanger*, 661 F. App'x 471, 473 (9th Cir. 2016). Therefore, Plaintiff has failed to state a cognizable claim against the defendant under 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment rights based on the destruction of his legal papers.

For the foregoing reasons, Counts 1 and 2, and each of the defendants in this case will be dismissed without prejudice. Although leave to amend need not be granted when further amendment would be futile (*McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011)), out of an abundance of caution, Plaintiff will be granted leave to amend one time should he so choose.

### Pending Motions

The Motion for Service of Process at Government Expense (Doc. 3) is **DENIED** as moot. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint and **COUNTS 1 and 2** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **GRIFFEY**, **KONERMANN**, **ACUFF**, **GRACE**, **RIGGS**, **HOWELL**, **BROWN**, **BURTON**, **NOLEN**, **RIEPE**, are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Should he so choose, Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **September 24, 2018.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be finally dismissed for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted with respect to this case.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1431-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's access to courts and due process claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is

**DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 27, 2018**

                                                  s/ STACI M. YANDLE
                                                  **U.S. District Judge**