IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL RAY REEVES, #B82558,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1431−SMY |
| | ) | |
| **SANDRA RIEPE,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Reeves, an inmate in Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 claiming that Sandra Riepe, the Clerk of Court in Massac County, Illinois violated his First, Fifth, Eighth, and Fourteenth Amendment rights in various ways. This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in his First Amended Complaint (Doc. 8): his state habeas corpus action was filed April 23, 2018, but was not given a case number. (Doc. 8, p. 8). His motion for trial transcripts and common law records was filed on April 23, 2018, but his motion to proceed *in forma pauperis* and request for free transcripts was not filed. *Id.* Plaintiff's

1

notice of appeal was sent to the circuit court on July 16, 2018, but the appeal was not filed or sent to the appellate court. *Id.* Massac County has a pattern and history of abuse against Plaintiff since May 2002. *Id.* Plaintiff seeks monetary damages and unspecified injunctive relief. (Doc. 8, p. 9).

## Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate a single Count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendant failed to file or give case numbers to various documents sent to the Massac County Circuit Court by Plaintiff between April 23, 2018 and July 16, 2018, in violation of Plaintiff's right to access the courts.

As discussed below, Count 1 will be dismissed. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

Section 1983 "creates a cause of action based on personal liability and predicated upon fault ... liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996). Plaintiff has failed to connect Defendant Riepe to any of the alleged unconstitutional actions. In other words, it is unclear from the First Amended Complaint how, if at all, Riepe was personally involved in the alleged deprivations, other than by way of her position as Clerk of the Massac County Court.

With respect to the merits of Plaintiff's claims, the allegations involve conduct alleged to have impeded Plaintiff's access to the courts or to have otherwise deprived him of fair proceedings. "The Constitution protects a prisoner's right of access to the courts; state actors

must respect that right by not impeding prisoners' efforts to pursue legal claims." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Although fact pleading is unnecessary, in order to state a colorable claim, a prisoner's Complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Meaning, "a prisoner must show actual substantial prejudice to specific litigation." *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995).

In this case, Plaintiff does not explain how the failure to assign a case number to his habeas case or otherwise file the allegedly unfiled documents caused him actual injury. While he claims that the appeal he sent on July 16, 2018 was not filed or sent to the appellate court, he does not allege that he was ultimately unable to appeal his case. Thus, Plaintiff's First Amended Complaint fails to state an access to courts claim for which relief may be granted.

For the foregoing reasons, Count 1 and Defendant Riepe will be dismissed without prejudice. Although leave to amend need not be granted when further amendment would be futile (*McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011)), out of an abundance of caution, Plaintiff will be granted leave to amend one final time should he so choose.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint, **COUNT 1**, and **RIEPE** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Should he so choose, Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **November 5, 2018.** Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the

entire case shall be finally dismissed for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted with respect to this case.

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1431-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's access to courts claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the First Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider

along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: October 12, 2018**

                                                  **s/STACI M. YANDLE**
                                                  **U.S. District Judge**